**MINGFENG HUANG, Petitioner,**

v.

**Peter D. KEISLER,[1] Respondent.**

**No. 05–2963–ag.**

United States Court of Appeals, Second Circuit.

Sept. 28, 2007.

1. Pursuant to Federal Rule of Appellate Pro-     cedure 43(c)(2), Acting Attorney General Pe-

Thomas V. Massucci, New York, NY, for Petitioner.

Randy G. Massey, Acting United States Attorney for the Southern District of Illinois, Amanda A. Robertson, Assistant United States Attorney, Benton, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Mingfeng Huang, a citizen of the People's Republic of China, seeks review of a May 17, 2005 order of the BIA affirming the January 30, 2004 decision of Immigration Judge ("IJ") Noel A. Brennan, denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mingfeng Huang,* No. A76 705 618 (B.I.A. May 17, 2005), *aff'g* No. A76 705 618 (Immig. Ct. N.Y. City Jan. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's findings, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Jian Hui Shao v. BIA,* 465 F.3d 497, 500 (2d Cir.2006). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Id.* at 395 (internal quotation marks omitted).

Substantial evidence supports the IJ's determination that Huang failed to meet his burden of proof. The IJ expressed reasonable skepticism of Huang's testimo-

ter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

ny because of his demeanor, and found that he had failed to supply sufficient corroboration to rehabilitate his testimony. First, the IJ observed that Huang described without emotion "in the most general terms what would otherwise have been a brutal experience, that is his detention and daily beatings over a period of a month." We give particular deference to such determinations. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

Because the IJ reasonably questioned Huang's testimony, she properly found that he was required to provide additional corroboration of his allegations in order to support his claims. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). We agree that Huang failed to do so; he provided no testimony or statements from the family members with whom he lives in New York regarding his Falun Gong practice, and substantial evidence supports the IJ's finding that the documents Huang did supply were not reliable. As the IJ noted, Huang was unable to credibly explain how he had obtained a letter from his mother; at first he stated that he had not written to her, but then changed his testimony after he was confronted with the letter's indication that his mother was responding to a letter he had written. Similarly, Huang was unable to credibly explain how he had obtained his I.D. card; at first he said he obtained it in China, but then said that his mother sent it to him after he had arrived in the United States.

Accordingly, the IJ's denial of Huang's application for asylum is supported by substantial evidence. *See Xiao Ji Chen,* 471 F.3d at 338. Similarly, because Huang's withholding of removal and CAT claims were based on the same factual predicate as his asylum claim, the IJ did not err in finding that he had also failed to meet his burden of proof for those forms of relief. *See Majidi,* 430 F.3d at 81–82; *Xue Hong*

*Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).